IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE O'SHEA, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | NO. 14-2811 |
| Acting Commissioner of the Social | : | |
| Security Administration | : | |

ORDER

AND NOW, this 5th day of November 2015, upon careful and independent consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Doc. No. 8), Defendant's Response thereto (Doc. No. 9), Plaintiff's Reply to Defendant's Response (Doc. No. 12), the Report and Recommendation of United States Magistrate Judge M. Faith Angell (Doc. No. 18), Plaintiff's Objections to the Report and Recommendation (Doc. No. 19), and the record before us, it is hereby ORDERED as follows:

1.    Plaintiff's objections to the Report and Recommendation are OVERRULED.

2.    The Report and Recommendation is APPROVED and ADOPTED.

3.    The decision of the Commissioner of the Social Security Administration is AFFIRMED and Plaintiff's request for review is DENIED.

4.    The Clerk of Court is directed to close this matter for statistical purposes.

I.   Background

The procedural history and factual background are set forth in the Report and Recommendation of Magistrate Judge Faith Angell, and we need not repeat them here. This Court approves and adopts the Report and Recommendation and writes only to overrule the objections filed by Plaintiff.

1

## II.  Legal Standard

A reviewing court must uphold the ALJ's decision if it is supported by "substantial evidence." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  "Substantial evidence has been defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate.'" Id. (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)).

The Court must review de novo those issues addressed by the magistrate judge to which the Plaintiff objects.  28 U.S.C. § 636(b)(1).  It may "accept, reject or modify, in whole or in part, the magistrate's findings and recommendations."  Id.

## III.  Discussion

Plaintiff raises several objections to the Report and Recommendations, four of which echo her previous arguments regarding the deficiency of the opinion issued by the Administrative Law Judge ("ALJ") (see Pl.'s Br. & Statement of Issues Supp. Req. for Review 15–24, Doc. No. 8).  We hold that Magistrate Judge Angell gave full and appropriate consideration to each issue Plaintiff previously raised and that Plaintiff's remaining objections also lack an adequate foundation.  Rejection of the Report and Recommendation is therefore unwarranted.

First, Plaintiff argues that the Report and Recommendation failed to address Plaintiff's argument that the ALJ did not consider Plaintiff's work history in assessing Plaintiff's credibility.  (Pl.'s Objs. 3–5, Doc. No. 19.)  Plaintiff also argues that the Report and Recommendation "relie[d] on suspect evidence to support the ALJ's finding of inconsistent statements by Mrs. O'Shea regarding her condition," namely Plaintiff's descriptions of herself as a retired dental assistant and a stay-at-home parent.  (Pl.'s Objs. 4.)  On reviewing these arguments, however, it appears to this Court that Plaintiff's objections are meritless.  As an

initial matter, the Report and Recommendation thoroughly addresses Plaintiff's argument regarding Plaintiff's work history, and Magistrate Judge Angell concluded that the ALJ gave due consideration to Plaintiff's work history.  (See R. & R. 14–15, Doc. No. 18.)  But even if we consider Plaintiff's underlying arguments anew, we agree with the Report and Recommendation. The ALJ pointed to numerous factors to support her decision that Plaintiff was not fully credible, including Plaintiff's work history and the homemaking and childcare activities that Plaintiff engaged in following her decision to stop working as a dental assistant.  (See ALJ Hr'g Decision 69–70, Doc. No. 4-3.)  We disagree with Plaintiff that the fact that she described herself as a "retired dental assistant" and a "stay-at-home mom" is irrelevant to a determination of her credibility (see Pl.'s Objs. 3–5), as these descriptions could speak to why Plaintiff decided to leave her job—specifically, for reasons unrelated to her alleged disability (see R. & R. 15).  The ALJ's decision was supported by substantial evidence, and though Plaintiff asks us to second guess the ALJ's credibility determination, we are not permitted to do so.  See Drejka v. Commissioner of Social Security, 61 Fed. App'x 778, 781 (3d Cir. 2003) ("It is precisely because the ALJ is best situated to make credibility decisions that the findings of the ALJ are given deferential review.  The ALJ has the duty to be the fact-finder.").

Plaintiff next argues that the ALJ erred by requiring a complete restriction from recreational and other activities as a prerequisite for finding a disability and that the Report and Recommendation does not sufficiently address this argument.  (Pl.'s Objs. 5.)  However, Magistrate Judge Angell adequately addressed this point and concluded that the ALJ looked not for a complete restriction from activity but rather assessed Plaintiff's ability to perform activities on a sustained basis.  (See R. & R. 15.)  Moreover, our independent reading of the ALJ's decision would also lead us to overrule Plaintiff's objection.  Plaintiff misrepresents the ALJ's

decision.  Though the ALJ did give consideration to Plaintiff's testimony regarding her ability to engage in recreational and other activities, the ALJ did not require complete restriction from these activities as a prerequisite for finding a disability.  The ALJ's consideration of Plaintiff's ability to perform recreational and other non-work-related functions was clearly one of several factors—including, for instance, objective medical evidence—that formed the basis of her decision.  (See ALJ Hr'g Decision 68–70.)  The ALJ thus did not give undue weight to Plaintiff's ability to participate in non-work activities.

Though Plaintiff claims that Magistrate Judge Angell "mischaracterize[d] Plaintiff's argument" (Pl.'s Objs. 5) with respect to the complete restriction objection, we disagree.  The Report and Recommendation states that the ALJ did not use "'complete restriction' from all activity as the standard" for assessing Plaintiff's residual functional capacity.  (R. & R. 15.)  This statement directly addresses Plaintiff's objection that the ALJ "[e]rred in requiring a complete restriction from recreational and other activities as a prerequisite to a finding of disability." (Pl.'s Objs. 5.)  We fail to see how the Magistrate Judge mischaracterized Plaintiff's objection.

Plaintiff also objects to the ALJ's reliance on Plaintiff's testimony regarding her ability to perform non-work-related activities in assessing Plaintiff's credibility (Pl.'s Objs. 5; Pl.'s Br. & Statement 15) and argues that the ALJ improperly "based her [credibility] determination in large part on her assessment of Mrs. O'Shea's non-work activities."  (Pl.'s Objs. 5.)  But we disagree with Plaintiff's reading of the ALJ's decision.  The ALJ did not focus solely or even primarily on Plaintiff's activities in assessing Plaintiff's credibility.  The ALJ clearly stated that she found that Plaintiff's statements about "the intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible" and discussed at some length how those statements were inconsistent with Plaintiff's medical records.  (ALJ Hr'g Decision 70.)  In assessing Plaintiff's

4

credibility, the ALJ considered a number of factors, including Plaintiff's symptoms, Plaintiff's medical records, the field office report, Plaintiff's work history, and, as Plaintiff herself acknowledges, Plaintiff's descriptions of herself as a homemaker and stay-at-home parent. (ALJ Hr'g Decision 70.) The ALJ thus did not give excessive weight to Plaintiff's statements regarding her ability to perform non-work activity, as this was one of many factors considered.

Plaintiff contends as well that the Report and Recommendation and the ALJ did not "give necessary weight" to Plaintiff's inability to afford medical treatment in assessing Plaintiff's credibility. (Pl.'s Objs. 6.) However, we reject this contention for reasons similar to those already discussed above. The Report and Recommendation thoroughly addresses Plaintiff's arguments on this point (see R. & R. 13–14), and our reading of the record and ALJ's decision supports Magistrate Judge Angell's evaluation.

Plaintiff also objects to the Report and Recommendation for failing to treat Plaintiff's chronic pain as a separate condition. (Pl.'s Objs. 6–8.) Plaintiff argues that chronic pain should be and is treated by courts as a disabling condition. (Pl.'s Objs. 6.) However, the grounds of Plaintiff's objection are unclear, since the ALJ did not state that pain can never be a qualifying disability. Instead, the ALJ's adverse decision was based on the fact that the evidence in the instant case contradicted the objective medical evidence and on the ALJ's determination that Plaintiff's statements generally were not credible. (ALJ Hr'g Decision at 70.) Moreover, the ALJ discussed Plaintiff's chronic pain at length and gave it due consideration. (See ALJ Hr'g Decision at 65–72.) For instance, the ALJ stated that "[t]he claimant alleged disability secondary to lower back pain as of May 28, 2003" (ALJ Hr'g Decision at 68) and that "the evidence shows that [Plaintiff] reported that she experienced flare-ups with pain" (ALJ Hr'g Decision at 70).

The ALJ's decision gives no indication that the ALJ disregarded Plaintiff's complaints regarding her chronic pain.

Next, Plaintiff argues that the ALJ did not give due consideration to Plaintiff's physical limitations in considering what unskilled work was available to her.   (Pl.'s Objs. 8–10.) However, the ALJ reviewed the entire record and considered numerous factors, including Plaintiff's age, education, work experience, residual functional capacity, and the testimony of the vocational expert, before determining what work was available to Plaintiff.  (ALJ Hr'g Decision 71.)  At the hearing, the ALJ specifically asked the vocational expert about what positions would be available to someone who, like Plaintiff, "required the ability to change position between sitting and standing every 45 minutes" and "[w]ho can do no more than occasional overhead reaching and occasional postural activities."  (Tr. of Oral Hr'g 50–51, Doc. No. 4-2.)  The other hypothetical questions posed to the vocational expert by Plaintiff referenced characteristics unsupported by the record (see ALJ Hr'g Decision 70) and did not "'accurately portray the claimant's individual physical and mental impairments,'" see Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002) (quoting Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984)).  Thus Plaintiff's argument that the vocational expert's testimony suggests that Plaintiff's "physical impairments would make it extremely difficult, if not impossible, to find sustained employment" (Pl.'s Objs. 8) is without merit.

Lastly, Plaintiff objects that the ALJ did not consider the credibility of Plaintiff's husband, whose testimony, Plaintiff argues, corroborates Plaintiff's claims and is "of paramount importance."  (Pl.'s Objs. 10–11.)  According to Plaintiff, "[n]owhere in the record does the ALJ specifically address the testimony of Mr. O'Shea as to his wife's disability and her functional limitations."  (Pl.'s Objs. 10–11.)  However, the ALJ explicitly referenced Plaintiff's husband's

testimony, summarized his statements, and included them in her discussion of the facts underlying her decision.  (See ALJ Hr'g Decision 69.)  Plaintiff has not provided any support for her allegation that her husband's testimony was disregarded by the ALJ.

But even if the ALJ had not considered Plaintiff's husband's testimony, we would still overrule Plaintiff's objection.  While true that an ALJ must consider all relevant evidence, including lay testimony provided by relatives and friends, courts in this district have held that a failure to address lay testimony does not require remand if the testimony would not have changed the outcome of the case.  See Butterfield v. Astrue, No. 06-0603, 2011 WL 1740121, at *6 (E.D. Pa. May 5, 2011); see also Bailey v. Astrue, No. 07-4595, 2009 WL 577455, at *11 (E.D. Pa. Mar. 4, 2009) (declining to remand, despite the ALJ's failure to explicitly address the testimony of plaintiff's mother, based on a finding that this testimony was cumulative and merely reiterated facts); Thompson v. Astrue, No. 07-2989, 2009 WL 7007996, at *15 (E.D. Pa. Jan. 30, 2009) (concluding that remand was not necessary where the ALJ's failure to discuss a lay witness's letter was harmless error); DeStefano v. Astrue, No. 07-3750, 2009 WL 113744, at *10 (E.D. Pa. Jan. 14, 2009) (determining that the ALJ's failure to address non-medical testimony did not require remand where the medical evidence in the record supported the ALJ's residual functional capacity determination).  The Third Circuit has also held more broadly that remand is not required where an ALJ's error did not affect the outcome of the case.  See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005).

Here, even if the ALJ did not consider Plaintiff's husband's statements when making her decision, this error was harmless and does not require remand.  Plaintiff's husband's testimony would not have changed the ALJ's conclusions regarding Plaintiff's residual functional capacity or her credibility.  His statements, such as those regarding the onset and progression of Plaintiff's

symptoms, merely reiterated information that was already before the ALJ and that the ALJ expressly considered elsewhere in the record. (See ALJ Hr'g Decision 68–70.)   Moreover, Plaintiff's husband's testimony would not have changed the ALJ's finding that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."   (ALJ Hr'g Decision at 70.)   Thus, even if the ALJ had not explicitly considered Plaintiff's husband's non-medical statement, the ALJ would not have made a different determination.

IV.  Conclusion

For the foregoing reasons, Plaintiff's objections are hereby OVERRULED.   The Court APPROVES and ADOPTS Magistrate Judge Angell's Report and Recommendation, and Plaintiff's request for review is DENIED.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.